# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 2:15-CV-384-TLS |
| v. ) | |
| ) | |
| NANETTE RADUENZ, ) | |
| individually and in her capacity as ) | |
| Magistrate Judge of the Lake County ) | |
| Superior Court, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On October 5, 2015, Kevin Miller, a pro se plaintiff, filed a Complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983 and a Petition to Proceed Without Pre-payment of Fees and Costs (*in forma pauperis*) [ECF No. 2]. For the reasons set forth below, the Plaintiff's Petition is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Ordinarily, a plaintiff must pay the statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and (2) whether the action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Plaintiff appears to qualify for *in forma pauperis* status, but the claim cannot proceed because he fails to state a claim upon which relief may be granted. The Plaintiff is seeking injunctive and declaratory relief against the Defendant, a state court judge, for a harm suffered when the Defendant presided over the Plaintiff's divorce. While acting in her judicial capacity, the Defendant approved the Final Property Settlement Agreement that merged into the Dissolution of Marriage Decree. The Final Property Settlement Agreement states that Miller "shall sign a Quit Claim Deed removing his name from the property located at 1204 E. Cleveland Ave., Hobart, Indiana 46342." (Compl. 10, ECF No. 1.) The Complaint alleges that the house went into foreclosure when the Plaintiff's ex-wife failed to make timely mortgage payments, and even though the Defendant "said if [Plaintiff's ex-wife] made one more late payment she would give me the house back," the Defendant "wouldn't give me the house back" and "[t]he house was foreclosed on in 2014." (Compl. 2.)

The Plaintiff's claim for injunctive relief is barred by federal statute. In 1996, Congress amended 42 U.S.C. § 1983 to read that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." The Plaintiff is seeking relief for acts that the Defendant carried out in her official capacity while she was presiding over the Plaintiff's divorce proceeding, placing her actions within the statute's protections. Further, the Complaint provides no indication that the exception has been met. Thus, the claim for injunctive relief is barred.

Alternatively, and to the extent the Plaintiff's request for declaratory relief remains, this case turns on the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). This doctrine establishes that "the lower federal courts lack jurisdiction to review the decisions of state courts in civil cases." *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). "This jurisdictional bar applies even though 'the state court judgment might be erroneous or even unconstitutional'" because only the Supreme Court has the power to engage in appellate review of a state court judgment. *Id.* (quoting *Kamilewicz v. Bank of Bos. Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)).

The Plaintiff's alleged injury derives directly from a state court judgment, and he is essentially asking this Court to set aside that judgment by undoing the Final Property Settlement Agreement that merged into the Dissolution of Marriage Decree. *Haas v. Wisconsin*, 109 Fed. App'x 107, 110–11 (7th Cir. 2004) (applying *Rooker-Feldman* to bar the plaintiff's § 1983 claim, which asserted that the state court violated his due process rights by entering judgment when it lacked jurisdiction). The Plaintiff's relief, if any, lies in state court.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Plaintiff's Petition to Proceed Without Pre-payment of Fees and Costs (*in forma pauperis*) [ECF No. 2] and DISMISSES the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED on January 25, 2016.

          s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION